IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDUARDO ENRIQUE ALFARO, #1831119 | § | |
| | § | |
| VS. | § | CIVIL ACTION NOS. 4:16cv797, 4:16cv798 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil actions were referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. Petitioner filed objections.

The Magistrate Judge recommended the petitions for writ of habeas corpus be dismissed with prejudice. In his objections, Petitioner first asserts that the procedural history section of the Magistrate's Report and Recommendation requires clarification. He notes that the state habeas court's findings of facts and conclusions of law were submitted prior to the time he filed an affidavit of the proposed testimony of a mitigation expert, Dr. Proctor. However, the Magistrate Judge addressed this issue in her Report and Recommendation.

> Petitioner argues that the state habeas court erred in rejecting his claim when it found that he provided no evidence of the proposed testimony of an expert. (Dkt. # 2, p 13). However, this was due to the fact that the state habeas court signed its findings of fact and conclusions of law on April 25, 2016. Subsequently, Petitioner supplemented the record with the affidavit on May 19, 2016. The TCCA [Texas Court of Criminal Appeals] noted this in its opinion, and denied relief based on an independent review of the record:
>
> On April 25, 2016, the trial court signed findings of fact and

1

> conclusions of law recommended denying relief. Findings of fact numbers thirty-eight and thirty-nine erroneously stated that Applicant failed to present any evidence of what a mitigation expert would have testified. However, on May 19, 2016, Applicant supplemented the record with an affidavit from a mitigation expert. Therefore, this Court does not adopt findings thirty-eight and thirty-nine. Based on this Court's independent review of the record, and the trial court's other findings of fact and conclusions of law, we deny relief.

(Dkt. # 9-17, p. 2.). Thus, the TCCA received the affidavit and, after reviewing it, declined to adopt the trial court's two findings regarding Dr. Proctor. Nonetheless, the TCCA denied relief after conducting both a review of the trial court's findings of fact and conclusions of law and an independent review. A state application that is denied with written order by the TCCA, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

In his objections, Petitioner argues that the Magistrate Judge erred in finding that trial counsel's decision not to consult with a mitigation expert was trial strategy. Petitioner contends that the Magistrate Judge's finding contradicts "a long line of well-established Supreme Court precedent." (Dkt. # 10, p. 3). He cites to two cases to support his argument. *Wiggins v. Smith,* 539 U.S. 510, 522-23 (2003) and *Rompilla v. Beard,* 545 U.S. 374 (2005). However, those decisions pertain only to capital cases. *See Rompilla*, 545 U.S. at 380-81 ([t]his case, like some others recently, looks to norms of adequate investigation in preparing for the sentencing phase of a capital trial); *Wiggins*, 539 U.S. at 511 ([s]tandard practice in Maryland capital cases at that time included the preparation of a social history report). Thus, Petitioner fails to demonstrate that either the state

2

court's decision or the Magistrate Judge's finding was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of facts. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

The "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter,* 562 U.S. at 101, 131. Trial counsel stated in an affidavit presented to the state habeas court that, at the time of Petitioner's trial, mitigation experts were not generally used except in capital cases. First, Petitioner fails to demonstrate the state court decision, in denying his application without written order, was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03. Secondly, Petitioner has not presented any evidence to refute trial counsel's assertion. Thus, Petitioner has not met his burden to show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing *at the time counsel rendered assistance. Strickland v. Washington*, 466 U.S. 668, 688 (1984) (emphasis added).

Next, Petitioner argues that the Magistrate Judge erred in finding that he has failed to show prejudice from trial counsel's failure to consult with a mitigation expert. Respondent re-urges his argument that Dr. Proctor's testimony would have resulted in a lesser sentence. To show prejudice in the state sentencing context, "the relevant inquiry is whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been significantly less harsh, taking into account such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of

3

potential sentences, and any relevant mitigating or aggravating circumstances." *Dale v. Quarterman*, 553 F.3d 876 (5th Cir. 2008) (internal citations and quotations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Richter,* 562 U.S. at 112.

Petitioner argues that "when Dr. Proctor's report is read in conjunction with the trial record, its defensive value is crystal clear. Dr. Proctor determined that the Petitioner represented a low risk for recidivism which would have directly contradicted the State's position at sentencing that Petitioner had an insatiable appetite and would represent a continuing danger to children." (Dkt. # 10, pp. 4-5). This argument overlooks the fact that Dr. Proctor also states in his expert report that Petitioner denied all allegations made against him, and that Petitioner had been investigated for abuse of his biological daughter. Dr. Proctor would have been subject to cross-examination on these issues. Petitioner's counsel argued for the minimum sentence of twenty-five years, and the state sought life. The court sentenced Petitioner to forty years. Petitioner has not met his burden of showing, "absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been significantly less harsh." *Dale v. Quarterman*, 553 F.3d 876 (5th Cir. 2008) (internal citations and quotations omitted).

Petitioner fails to demonstrate the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03. Petitioner also has not shown that his counsel's representation fell below an objective standard

of reasonableness. *Strickland*, 466 U.S. at 688. Nor has Petitioner shown that there is a reasonable probability that the result of the proceeding would have been different. In sum, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's recommendation is incorrect. After reviewing the Report and Recommendation and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petitions for writ of habeas corpus are **DENIED**, and the cases are **DISMISSED** with prejudice. Certificates of appealability are **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 24th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE